## A. L. GORDON *vs.* THOR J. VEN.

Submitted on briefs Oct. 10, 1893. Reversed Oct. 20, 1893.

No. 8367.

**An open current account; what may be charged in it.**

It was competent for the parties to agree that the amount of an order for the payment of money, given by a third party to plaintiff on defendant, and accepted by the latter, should be made a part of an open current account between them, and charged thereon to defendant; and, this being done, any payment which would take the balance of the account out of the statute of limitations would also take the item of the order out of the statute.

Appeal by plaintiff, A. L. Gordon, from a judgment of the District Court of Norman County, *Frank Ives,* J., entered against him June 9, 1893, for $13.45.

Gordon kept a retail country store at Ada and sold goods on credit to defendant, Thor J. Ven, a farmer, living near Hendrum. R. Orbeck did some painting for Ven in 1885 and on October 2, of that year gave Gordon an order on Ven for $16. Ven afterwards in 1886 signed an acceptance of the order. On October 20, 1885, Gordon charged Ven in his account with the amount of the order, but did not give it to Ven. Gordon rendered his account containing this charge and Ven made payments thereon from time to time without objection up to November 26, 1891. He then claimed that Orbeck did not do the painting properly and refused to pay the balance of the account. Gordon commenced this action July 16, 1892, in Justice's Court upon the account and recovered judgment for $21, the balance due with interest. Ven appealed to the District Court on questions of law alone. The judgment of the justice was there reversed, that Court being of the opinion that the Orbeck order was not properly made an item of the account and was more than six years past due when this action was begun. Gordon appeals to this Court.

*W. W. Calkins,* for appellant.

*Michael A. Brattland,* for respondent.

MITCHELL, J.   The complaint in this action, which was commenced in justice court, consisted of an itemized account, running through several years, for goods, wares, etc., sold and delivered by plaintiff to defendant, and of credits for cash paid by defendant on the account each year, and showing a balance due to plaintiff.   One of the early items in this account was one of $16 for an order for that amount given to plaintiff on defendant by one Orbeck, to whom defendant was indebted in that amount for work.   Defendant had accepted the order, and plaintiff charged him with it in his account, which was open and current. This was in 1885. The account remained open and current down to the latter part of 1891.   There was evidence tending to prove that at the time plaintiff received the order he told defendant that he had charged him with it on his account, and that defendant consented to this being done.   Each year thereafter plaintiff sent to defendant a statement of his book account, which included this item of the amount of the order, to which the defendant made no objection, but yearly made payments, generally, on the account.   It is conceded that, if this item of $16 is a proper part of the account, then, because of these yearly payments, no part of the account is barred by the statute of limitations.

The justice rendered judgment in favor of the plaintiff for the balance due on the account as claimed in the complaint.   Upon appeal to the district court on questions of law alone the court reversed the justice, apparently on the ground that this item, being evidenced by a written order accepted by the defendant, was no proper part of the account, but a separate and distinct cause of action, and, being such, was barred by the statute.   In this the court erred.   It was entirely competent for the parties to agree that it should be made a part of the book account.   This is what the evidence showed they did, not only by express agreement, in the first instance, but also impliedly, by their subsequent conduct running through a number of years.   To allow defendant now to go back on this agreement for the purpose of enabling him to avail himself of the statute of limitations would be neither justice nor good law.   *Perrine* v. *Hotchkiss*, 2 Thomp. & C. 370, and *Stickney* v. *Eaton*, 4 Allen, 108, principally relied on by the defendant, are not at all in point, as will be readily discovered upon a careful examination of the facts in those cases.

The defect in the complaint, it is conceded, was obviated by the admission of the evidence without objection.

Judgment reversed, and cause remanded, with directions to the district court to enter judgment affirming the judgment of the justice.